# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

Assigned on Briefs October 17, 2000

## JEFFREY ARCH CARTER v. STATE OF TENNESSEE

### Direct Appeal from the Criminal Court for Sullivan County
No. 42,839     Phyllis H. Miller, Judge

### No. E2000-00738-CCA-R3-CD
### January 26, 2001

The defendant, after pleading guilty to two counts of aggravated assault, DUI second offense, and violation of seat belt law, sought alternative sentencing. A sentencing hearing was held and the trial court denied the defendant any form of alternative sentence. The defendant now appeals that denial, asserting that the trial court erred in denying him an alternative sentence. After review, we affirm the trial court's denial of an alternative sentence.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES, J., and WILLIAM B. ACREE, JR., SP. J., joined.

Nat H. Thomas, Kingsport, Tennessee, for the appellant, Jeffrey Arch Carter.

Paul G. Summers, Attorney General and Reporter; Marvin E. Clements, Jr., Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Barry P. Staubus, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

### Facts

In this case the defendant, Jeffrey Carter, was driving a flatbed truck south on State Route 37 when he struck the vehicle driven by Deborah Cleek from behind. Ms. Cleek's vehicle shifted sideways in the accident, causing motorcyclist Gary Meyers to collide with Cleek. Both Cleek and Meyers were injured as a result. The Tennessee Highway Patrolman who responded to the accident noticed a strong odor of alcohol on the defendant's breath. After informing the trooper that he had consumed some alcohol, the defendant was administered several field sobriety tests, all of which he performed poorly. The defendant was then arrested and charged with two counts of aggravated assault, DUI second offense, and violation of the seat belt law.

The defendant subsequently pleaded guilty to each of the four charges and pursuant to the agreement was sentenced as a Range I standard offender to the following: thirty months on each aggravated assault charge and eleven months and twenty-nine days, all suspended but forty-five days, for the DUI second conviction. The trial court ordered these sentences to run concurrent with each other. The plea agreement did not, however, include any agreement on the manner of service of this sentence. The defendant sought probation and an alternative sentence hearing was held on March 13, 2000. At the conclusion of the hearing, the Sullivan County Criminal Court denied all forms of alternative sentencing and instead ordered Carter to serve his sentence in confinement. The trial court's denial is the subject of this appeal, which is properly before this Court.

**Analysis**

The defendant asserts that the trial court erred in sentencing him to incarceration and denying him any form of alternative sentence. This Court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. See Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, our review is de novo with no presumption of correctness. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997). Furthermore, the burden is on the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

A court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114 as they are relevant to the section 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); Boston, 938 S.W.2d at 438.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Boggs, 932 S.W.2d 467, 476-77 (Tenn. Crim. App. 1996). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

A defendant is eligible for probation if the sentence received by the defendant is eight years or less, subject to some statutory exclusions. Tenn. Code Ann. § 40-35-303(a). The defendant in this case is eligible because he was sentenced as a Range I standard offender to thirty months on each aggravated assault count and eleven months and twenty-nine days on the DUI second count, all to run concurrent. A trial court must presume that a defendant sentenced to eight years or less, and for whom incarceration is not a priority, is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). Therefore, this defendant is not only eligible for probation, but also is presumed to be a favorable candidate for alternative sentencing.

It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. Byrd, 861 S.W.2d at 380. A defendant presumed to be a favorable candidate for alternative sentencing has the burden of establishing suitability for total probation. Tenn. Code Ann. § 40-35-303(b); Boggs, 932 S.W.2d at 477. Although probation must be considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b), Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). A defendant seeking full probation bears the burden on appeal of showing the sentence imposed is improper, and that full probation will be in the best interest of the defendant and the public. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). The defendant's lack of credibility is also an appropriate consideration and reflects on a defendant's potential for rehabilitation. State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994).

In determining if incarceration is appropriate, a trial court considers (1) the need to protect society by restraining a defendant having a long history of criminal conduct; (2) the need to avoid depreciating the seriousness of the offense; (3) whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses; and (4) whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); see also Ashby, 823 S.W.2d at 169; State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

After reviewing the record, we find that the trial court considered the sentencing principles and all relevant facts and circumstances; therefore, this Court's review is de novo with a presumption of correctness. See Tenn. Code Ann. § 40-35-401(d); Poole, 945 S.W.2d at 96; Ashby, 823 S.W.2d at 169. The trial court heard testimony at the sentencing hearing and was further aided in its review by submission of a pre-sentence report. In denying the defendant

alternative sentencing, the trial court, in its oral recitation of its findings, extensively reviewed and considered each of the State's reasons for denying alternative sentencing and each of the defendant's reasons for granting an alternative sentence. Although defense counsel acknowledged at the sentencing hearing that the defendant should not receive total probation, he nevertheless argues that the trial court erred by not considering the defendant's good employment, the defendant's remorse, and the steps that the defendant had taken to rehabilitate himself since the offenses had occurred.

However, the trial court considered each of these and concluded that the defendant had shown no remorse and that the defendant in fact had not taken the steps requested of him by his counselors to continue on his path of drug and alcohol rehabilitation. Furthermore, the trial court noted that the defendant had a lengthy prior criminal record consisting of several prior convictions of driving under the influence, one felony hit and run, driving on a revoked license, and numerous other misdemeanor offenses, some also involving alcohol. After considering this prior record, the defendant's reluctance to follow the law, and the defendant's inability to correct his criminal behavior when faced with less restrictive measures of punishment, the trial court denied the defendant's request for an alternative sentence.

### Conclusion

In reviewing the record on appeal, if the record demonstrates that the trial court followed the statutory sentencing procedure by imposing a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and these findings are adequately supported by the record, we may not modify the sentence. See State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The trial court here clearly followed the sentencing procedures and gave proper weight and consideration to sentencing factors and principles, all of which is adequately supported by the record. Therefore, we affirm the trial court's decision in denying the defendant an alternative sentence.

_____
JOHN EVERETT WILLIAMS, JUDGE

-4-